IN THE MATTER OF THE LAST WILL AND TESTAMENT OF ROBERT BARR, DECEASED.

*Foreign will—When copy of admitted to probate.*

To admit a copy of a will from another State to record in this State, the original will must have been admitted to probate and record in the former State.

*Decided May,* 1883.

THE facts are stated in the opinion.

*Judge Timothy O'Conner* and *Samuel T. Crawford* for applicants.

*Lincoln, Stephens & Lincoln, Bateman & Harper, J. D. Henry, C. W. Baker, Simrall & Mack* and *Cowan & Ferris* for contestants.

GOEBEL, J.

This is an application to admit to record a paper writing purporting to be an authenticated copy of the

Will of Robert Barr, Deceased.

last will and testament of Robert Barr, deceased, alleged to have been executed and proved according to the laws of Pennsylvania, and admitted to probate and record on the 21st day of October, 1822, by the Register of Wills of Westmoreland county, Pennsylvania.

The application is made under section 5937 of the Revised Statutes, which provides that authenticated copies of wills executed and proved according to the laws of any state or territory of the United States relating to any property in the State of Ohio may be admitted to record in the probate court of any county of this state, where any part of such property may be situated.

To admit to record a copy of a will under this section, such will must have been executed and proved according to the laws of the state where admitted. In this case, according to the laws of Pennsylvania, such copy must be authenticated. The evidence of its execution and proof is to be contained in the certificate of the proper officer or officers. *Bailey* v. *Bailey*, 8 Ohio, 243.

The evident intention of this provision of law being that proof having been once made before a judicial tribunal, so long as the order of approval made by that tribunal remains in force, it shall not be necessary again to make proof; so that foreign wills executed in conformity with foreign laws are placed

on the same footing with domestic wills executed in this state.

: The paper presented is a copy of the will of Robert Barr. It contains the testimony of Samuel Moorhead, one of the subscribing witnesses to the will, who testifies to the signing and mental capacity of the testator, and that he saw Charles Baird, the other witness, sign his name as a witness to the will, and that he (Baird) is dead.

It contains also a certificate of E. F. Houseman, who certifies that he is the Register of Wills in Westmoreland County, Pennsylvania; that the foregoing is a true and correct copy of the last will and testament of Robert Barr, deceased, and of all proceedings to prove and admit the said will to record

He further certifies that such proceedings were at the time in compliance with the practice in admitting wills to record in said county.

But as this is simply an opinion of an individual, and not stating any fact that appears on the record, no importance is attached to it.

The question presents itself whether the paper presented contains the requirements of the statute to admit a copy of the last will of Robert Barr to record in this court. There is no dispute that the will relates to property in this county.

To admit a copy of a will from another State to record in this State, the original will must have been

admitted to probate and record and, the court admitting it to record here must be satisfied of that fact.

Whether the court can hear other evidence than that presented by the record to be satisfied of that fact, need not be considered in this case, since no testimony was offered, and counsel rely on the record as presented.

Neither the record presented nor the certificate of the Register shows that the will in question was admitted to probate.

But it is strongly urged by counsel for the will that although the certificate of the officer does not contain the evidence of the due execution and proof of the will, yet the will being recorded in the will record of Westmoreland County, a presumption arises in its favor, namely, of its having been admitted to probate and record after due proof.

It is a well settled principle of law that a court, in the exercise of its jurisdiction, is entitled to the presumption that what it has done was rightly done, and on just ground.

But no such presumption can arise where the record fails to show any act of the court or the exercise of its jurisdiction. If the record had disclosed the fact that the court admitted the will to probate, and nothing more, it having jurisdiction, and having exercised it, a presumption would arise that the court

Will of Robert Barr, Deceased.

heard the proof and was satisfied of the due execution of the will.

The act of approval and ordering to probate and record a will by the court is a judicial act, and is necessary to give such will full effect.

The recording is a mere ministerial act.

A will appearing on the will records would not of itself be proof of its admission to probate. It must be apparent that the court admitted it to probate and record. If a ministerial act, to give it force and effect, depends upon a judicial act, an omission of the latter invalidates the former. Nor is there a distinction where both duties are united in one office.

The record added no validity to the will, and raised no presumption in favor of its admission to probate, in the absence of proof to that effect. Such presumption would be a presumption of a fact, namely, that it was admitted to probate.

A presumption may be based on a fact, but no presumption can be based on a presumption.

Other questions were raised, but the conclusion to which I have come makes it unnecessary for me to consider them.

The evidence failing to show that the will of Robert Barr was admitted to probate, I shall therefore refuse to admit it to record.

NOTE.—The judgment in this case was affirmed by the Hamilton County Common Pleas Court and by the Circuit Court of the First Circuit. (See *Barr* v. *Closterman*, 2 C. C. R. 387.)